# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN A. MORAN | CIVIL ACTION |
| VERSUS | NO. 11-2240 |
| HARRY CONNICK, SR., ET AL. | SECTION "N" (1) |

## ORDER AND REASONS

Presently before the Court is the "Motion to Dismiss Second Amended Complaint and, Alternatively, for More Definite Statement Pursuant to Rule 9" (Rec. Doc. 35) filed by Defendants Harry Connick, Sr., in his prior official capacity as the District Attorney for the Parish of Orleans, and individually; Leon Cannizzaro, Jr., in his official capacity as the current District Attorney for the Parish of Orleans; the Orleans Parish District Attorney's Office; Donna R Andrieu, in her official capacity as an Assistant District Attorney for the Parish of Orleans, and individually; Camille Buras, in her prior official capacity as an Assistant District Attorney for the Parish of Orleans, and individually;[1] Stephen Laiche, in his official capacity as an Assistant District Attorney for the Parish of Orleans, and individually; Jack Peebles, in his prior official capacity as an Assistant District Attorney for the Parish of Orleans, and individually; and Valentin Solino, in his prior official capacity as an Assistant District Attorney for the Parish of Orleans, and individually (hereinafter collectively referred to as the "DA Defendants"). The Court rules on the motion as stated herein.

---

[1] On November 29, 2011, Plaintiff dismissed any claims asserted against Camille Buras in her capacity as a judge. *See* Rec. Docs. 14 and 15.

**BACKGROUND**

In 1983, following a jury trial in Louisiana state court, Plaintiff, John Moran, was found to be guilty of the murder of Janelle Cuccia, and sentenced to life imprisonment. The Louisiana Fourth Circuit Court of Appeal affirmed his conviction; the Louisiana Supreme Court denied writs. *See State v. Moran*, 451 So. 2d 48 (La. Ct. App. 4th Cir.), *writ denied*, 456 So. 2d 165 (La. 1984). Thereafter, Plaintiff filed a number of unsuccessful applications for post-conviction relief in state court, as well as at least one unsuccessful application for relief, pursuant to 28 U.S.C. §2254, in federal court.[2] Although an additional application for post-conviction relief, filed in 2011, is pending in state court, Plaintiff's conviction presently is intact and he remains incarcerated.[3]

In the instant matter, Plaintiff seeks an award of monetary damages under 42 U.S.C. § 1983 and Louisiana tort law. In support of his claim, Plaintiff contends that he did not commit the crime of which he was convicted, and that Defendants, intentionally and by conspiracy, suppressed exculpatory evidence in connection with his trial, appeal, and applications for post-conviction relief, in violation of his constitutional rights.

---

[2]   *See Moran v. Stalder*, No. 96-707 (E.D. La. 1996).

[3]   Plaintiff's submission of docket information for the pending state court action ends on November 15, 2011. *See* Second Amended Complaint (Rec. Doc. 33), ¶25 and Exhibit 5 (Rec. Doc. 33-5). The Orleans Parish Criminal District Court's Docket Master, however, reveals a number of events occurring thereafter, including a post-conviction hearing held, and post-hearing briefing ordered, on February 5, 2013. *See* Docket Master for *State v. John A. Moran,* Case No. 293918, Criminal District Court, Parish of Orleans, State of Louisiana, which is attached hereto as Exhibit "A". Plaintiff filed his post-evidentiary hearing memorandum on March 19, 2013; a response apparently is due within 30 days thereafter. *Id.*

**LAW AND ANALYSIS**

Despite Plaintiff having twice amended his complaint, the Court finds his allegations against the DA Defendants still fail to state a claim for which legal relief can be provided. As presented, Plaintiff's allegations, if true, call into question the legal validity of his conviction. As such, his claims under §1983 remain premature unless and until such time that his conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hudson v. Hughes*, 98 F.3d 868, 872-73 (5th Cir. 1996); *Johnson v. Louisiana*, No. 09-55, 2010 WL 996475, *5-6 (W.D. La. 3/16/10); *Wilkerson v. Lanier*, No. 06-3044, 2006 WL 2135224, *8-7 (E.D. La. 7/27/06).

With respect to his state law claims, Plaintiff purportedly brings "causes of action under [Louisiana Civil Code Articles] 2315, 2316, et seq., including but not limited to tort claims, fraud, deceit, fraudulent conspiracy, and consummation of fraudulent conspiracy." *See* Second Amended Complaint (Rec. Doc. 33), ¶13. Such a general allegation, however, does not provide sufficient notice of Plaintiff's state law claims. To the extent that Plaintiff asserts claims premised upon a termination of another legal proceeding in Plaintiff's favor, *e.g.,* malicious prosecution, such claims likewise are premature as long as Plaintiff's conviction remains in place. Additionally, Plaintiff's allegations of ongoing fraud, as presently presented, fail to provide sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

>As explained by the Supreme Court:
>
>[Facial plausibility exists] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief, and thus are inadequate. Rather, a complaint's allegations must make relief plausible, not merely conceivable, when taken as true.

*Iqbal,* 556 U.S. at 678. Although Plaintiff's allegations are lengthy, often unnecessarily repetitive, and in some respects, very detailed, key information regarding the essential "who, what, when, where, and how" of the alleged fraud, and resulting injury, appears to be missing or, in any event, is stated in such a manner that it is, as a practical matter, unintelligible. *See, e.g., United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010)(Rule 9(b) of the Federal Rules of Civil Procedure generally require a party alleging fraud to set forth the "who, what, when, where, and how" of the alleged fraud; *see also Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (2010) (claimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent").

For instance, Plaintiff complains about the alleged unlawful and secret release of trial evidence to a third party, which purportedly prevented him from ordering DNA testing in connection with his appeal. *See* First and Second Amended Complaints (Rec. Docs. 7 and 33). Plaintiff's allegations on this subject, however, do not indicate whether Plaintiff was aware of this evidence during the trial, or whether Plaintiff sought DNA testing prior to his conviction, and if not, why. Pertinent dates regarding Plaintiff's appeal, including the completion of briefing, likewise are not apparent. Nor is it clear to the Court how an order granting a motion seeking release of evidence

could be both "executed" and "kept [] secret" from the judge and never revealed to Plaintiff or his counsel." *See* Second Amended Complaint (Rec. Doc. 33) at ¶¶ 1-13. Finally, the Court is not apprised of the specific contents of the alleged motion or order.

Similarly, Plaintiff avers that on November 18, 2011, certain DA Defendants produced some items of *Brady*[4] evidence that, if produced in 2005, would have proven Plaintiff's innocence and allowed his release from prison. *See* Second Amended Complaint (Rec. Doc. 33) at ¶¶ 15-4, 38-43. Although fraud may be alleged on information and belief if the "facts relating to the fraud are peculiarly within the perpetrator's knowledge," the complaint nevertheless "must set forth a factual basis for such belief." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998). It is not clear to the Court whether Plaintiff previously had any awareness of the existence of this particular information or asked for it. Plaintiff's pleadings likewise do not indicate whether any explanation was given by pertinent DA Defendants as to why the evidence in question never was previously produced, what that explanation was, and why the evidence purportedly was not previously found in the prosecution's files. Presumably some, if not all, of this information either has been or will be fleshed out during the course of Plaintiff's ongoing state court proceeding for post-conviction relief. As mentioned in note 3, *supra*, however, Plaintiff has provided the Court with very little information, particularly as to more recent developments, concerning that action.

Further, in addition to the problems described above, Plaintiff's §1983 claims against the DA Defendants in their individual capacities, as presently stated, are legally barred by absolute prosecutorial immunity. *See, e.g., Van de Kamp v. Goldstein*, 555 U.S. 335, 340-49 (2009)(quoting

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)(prosecutor absolutely immune from individual liability under §1983 regarding conduct "intimately associated with the judicial phase of the criminal process," including supervision and training of junior prosecutors regarding disclosure of potential impeachment evidence); *see also*, *e.g.,Cousin v. Small,* 325 F.3d 627, 631-37 (5th Cir.), *cert. denied*, 540 U.S. 825 (2003); *Hudson*, 98 F.3d at 873; *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995); *Johnson v. Louisiana*, No. 09-55, 2010 WL 996475, *9-10 (W.D. La. 3/16/10); *Smith v. City of New Orleans*, No. 95-0821, 1996 WL 39424, *2-3 (E.D. La. 1/30/96). The same is true with respect to Plaintiff's state law claims against the DA Defendants, in both their official and individual capacities. *See Spikes v. Phelps*, 131 Fed. Appx. 47, 49,  2005 WL 984224, *1 (5th Cir. 2005)(unpub.); *Burrell v. Adkins,* No. 01-2689, 2007 WL 4699169, *14-15 (W.D. La. 10/23/07)(Report and Recommendation), *adopted as modified by* 2008 WL 130800 (W.D. La. Jan 10, 2008); *Knapper v. Connick*, 681 So.2d 944, 946-50 (La. 1996); *Godfrey v. Reggie*, 94 So.3d 82, 91-92 (La. Ct. App. 3rd Cir. 2012); *Sinclair v. Louisiana  Dept. of Corrections*, 769 So. 2d 1270, 1271-72 (La. Ct. App. 1st Cir. 2000), *writ denied*, 806 So. 2d 665 (La. 2002); *Connor v. Reeves*, 649 So. 2d 803, 804-06 (La. Ct. App. 2nd Cir. 1995)(district attorney sued in individual and official capacities held immune).

    Finally, given the foregoing, and on the showing made, even if Plaintiff's conviction eventually is set aside by the Louisiana state courts, and his other pleading shortcomings cured, only the current and former District Attorneys for the Parish of Orleans, solely in their official capacities, would be properly named as DA Defendants relative to Plaintiff's §1983 claim. *See, e.g., Kentucky v. Graham*, 473 U.S.159, 165-66 (1985) ("an official-capacity [§1983] suit is, in all respects other than name, to be treated as a suit against the [government] entity," which has no personal immunity);

*Truvia v. Julien*, 187 Fed. Appx. 346, 350, 2006 WL 1675116, *3 (5th Cir. 2005)(unpub.)(citing *Burge v. Parish of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999) (Louisiana District Attorneys, not Assistant District Attorneys, are "final policymakers" for purposes of official capacity claims under §1983); *Spikes*, 131 Fed. Appx. at 48, 2005 WL 984224, *1 (liability in §1983 action, "based on official capacity, runs against the local government entity, not the individual defendant")(citing *Monell v. Dept. of Social Services,* 436 U.S. 658, 691 (1978)); *Johnson,* No. 09-55, 2010 WL 996475, *9-13.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiff's claims under §1983 against Defendant Harry Connick, Sr., in his prior official capacity as the District Attorney for the Parish of Orleans, and Defendant Leon Cannizzaro, Jr., in his official capacity as the current District Attorney for the Parish of Orleans, are dismissed without prejudice;

(2) Plaintiff's §1983 claims against the DA Defendants in their individual capacities are dismissed with prejudice; and

(3) Plaintiff's state law claims against the DA Defendants, in both their official and individual capacities, are dismissed with prejudice.

New Orleans, Louisiana, this 26th day of March 2013.

                                              **Kurt D. Engelhardt**
                                              **United States District Judge**

```
  Case: 293918            D O C K E T   M A S T E R        Date: 03/25/2013
Section: H/F/A/G/H/G/H/A                                   Time:  12:07:36
  Class: 2
                    ORLEANS PARISH CRIMINAL DISTRICT COURT


================================================================================
DF# DEFENDANT(S):        CNTS CHARGE(S):
================================================================================

  1 MORAN, JOHN A
                         1   RS 14  30.1(A)(1)        BOND:      250,000.00
                             2ND DEGREE MURDER SPECIFIC INTENT


================================================================================
  DATE    PROCEEDINGS
================================================================================

01/06/1983                                                            MOTENC
          FILED INDICTMENT
          A TRUE BILL
          CAPIAS ISSUED
          BOND SET $ 250,000.00
          MAGISTRATE PAPERWORK FILED (M130349 // DOB 10.17.1953
07/26/2011                                                            WELCHP
          AS TO DEFENDANT JOHN MORAN: COURT REC'D CORRESPONDENCE DATED
          7/26/11 REQUESTING SUBPOENAS BE ISSUED FOR WITNESSES TO APPEAR
          8/18/11 IN THIS MATTER; GRANTED.
          CLERK OF COURT PLEASE ISSUE SUBPOENAS TO ALL LISTED ON DEFENSE'S
          CORRESPONDENCE DATED 7/26/11 TO APPEAR 8/18/11 IN THIS MATTER.
08/12/2011                                                            WELCHP
          AS TO DEFENDANT JOHN MORAN: ATTORNEY, JAMES SHIELDS, FILED:
          SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL.
08/16/2011                                                            WELCHP
          AS TO DEFENDANT JOHN MORAN:
          ADA, DONNA ANDRIEU PRESENT ON BEHALF OF THE STATE AND MOVED THE
          COURT TO VACATE THIS MATTER SET 8/18/11 FOR EVIDENTIARY HEARING
          IN SECTION "G" AS THIS A SECTION "H"MATTER. THIS IS MOOT ON
          SECTION G'S DOCKET. THIS MATTER SET 8/18/11 FOR EVIDENTIARY
          HEARING IS VACATED AND SET ASIDE.
08/22/2011                                                            WELCHP
          COURT REQUESTED COUNSEL FOR THE DEFENDANT, MR JAMES SHIELDS &
          COUNSEL FOR THE STATE MS. DONNA ANDRIEU, CHIEF OF APPEALS FOR
          THE ORLEANS PARISH DISTRICT ATTORNEY, MAKE AN APPERANCE IN COURT
          IN THE ABOVE CAPTIONED CASE. THE COURT STATED THE COURT RECORD
          HAD NO INDICATION OF WHY THE CASE HAD BEEN DOCKETED IN SECTION
          "G". NEITHER THE STATE OR DEFENSE HAVE EVER FILED A MOTION TO
          RECUSE, NOR HAS THE COURT SUA SPONTE EVER RECUSED ITSELF FROM
          THIS CASE. THE STATE INDICATED THAT IN LIGHT OF THE FACT THAT
          ONLY SECTION "H" HAS JURISDICTION IN THIS CASE, ALL OTHER MATTERS
          SET IN SECTION "G" WOULD BE PETITION TO BE VACATED FOR LACK OF
          JURISDICTION.
09/23/2011                                                            WELCHP
          ATTY. JAMES SHIELDS APPEARED WITHOUT DEFENDANT. STATE REPRESENTED
          BY DONNA ANDRIEU. DEFENSE FILED MOTION FOR VIEWING OF EVIDENCE
          & PRODUCTION OF PLEADINGS PURSUANT OT LA.C.CR.P.ART.672. THE
          COURT HEREBY RECUSES ITSELF DUE TO THE DEFENDANT NAMING THE
          HONORABLE CAMILLE BURAS AS A DEFENDANT INLITIGATION CURRENTLY
          PENDING IN THE EASTERN DISTRICT OF LA.
          CLERKS OFFICE ORDERED TO RE-ALLOT CASE UNDER RULES OF COURT.
09/28/2011                                                            MOTENC
                  FILE REALLOTTED TO SECTION ( F ).
09/29/2011                                                            HEISERD
          CASE RECEIVED IN SECTION "F" THIS DATE, STATUS HEARING SET FOR
          09/30/11.
09/30/2011                                                            DESALVOE
          >DEFENDANT, JOHN A MORAN DID NOT APPEAR FOR STATUS HEARING
          >COURT RECUSED ITSELF. THE VICTIM IS THE COUSIN OF THE COURT
          REPORTER IN THIS SECTION. >CONTINUED WITHOUT DATE.
10/03/2011                                                            MOTENC
                  FILE REALLOTTED TO SECTION - A.
10/06/2011                                                            SARDIEY
          >DEFENDANT, JOHN A MORAN DID NOT APPEAR. >ARRAIGNMENT SET FOR
          10/18/11 STATE TO WRIT DEFENDANT IN FROM HUNT'S CORRECTIONAL
          FACILITY.
10/12/2011                                                            SARDIEY
          >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN
          A MORAN FOR MOTIONS FILED -DEFENSE FILED MOTION FOR VIEWING OF
          EVIDENCE AND PRODUCTION OF PLEADINGS AND ORDER. >HEARING SET
          FOR 10/24/11
10/16/2011                                                            WARRENP
          CASE RECEIVED IN SECTION "A"
```

Exhibit "A"

| Date | User | Entry |
|---|---|---|
| 10/18/2011 | SARDIEY | >DEFENDANT, JOHN A MORAN DID NOT APPEAR. SET IN ERROR. >NO NEW DATE IS SET. |
| 10/24/2011 | SARDIEY | >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN A MORAN FOR HEARING DEFENSE FILED: -MOTION AND ORDER FOR POST-CONVICTION RELIEF. -MOTION FOR VIEWING OF EVIDENCE AND PRODUCTION OF PLEADINGS AND ORDER. COURT ORDERS THE CLERK OF COURT TO PRODUCE MICRO-FISH COPIES OF THE COURT RECORD IN THIS MATTER. COURT ORDERED THE STATE TO PRODUCE THEIR FILES AND TO NOT REMOVE ANYTHING FROM THE FILED. >POST CONVICTION HEARING SET FOR 12/02/11 |
| 11/09/2011 | SARDIEY | >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN A MORAN FOR MOTIONS FILED -DEFENSE FILED AMENDED APPLICATION FOR POST-CONVICTION RELIEF UNDER CCRP ART. 930.8, FOR APPEAL OUT OF TIME, AND FOR EVIDENTIARY HEARING. >NO NEW DATE IS SET. |
| 11/10/2011 | SARDIEY | >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN A MORAN FOR MOTIONS FILED >POST CONVICTION HEARING SET FOR 12/02/11 >SEND SUBPOENA NOTICES TO: -HONORABLE JUDGE JAMES F MCKAY, III COURT OF APPEAL 4TH CIRCUIT, DISTRICT 1 400 ROYAL STREET NEW ORLEANS, LA 70130 -HONORABLE JUDGE CAMILLE BURAS ORLEANS CRIMINAL DISTRICT COURT 2700 TULANE AVENUE, SECTION H NEW ORLEANS, LA 70119 -JACK PEEBLES 323 W. WILLIAM DAVID PKWY. METAIRIE, LA 70005 -DONALD J CUROLE 202 BLACKFIN CV. SLIDELL, LA 70458-9114 -RALPH S WHALEN, JR, ESQUIRE ENERGY CENTRE 1100 POYDRAS STREET, SUITE 2950 NEW ORLEANS, LA 70163-1133 -ASSISTANT DISTRICT ATTORNEY DONNA ANDRIEU 619 SOUTH WHITE STREET NEW ORLEANS, LA 70119 -ASSISTANT DISTRICT ATTORNEY VALENTIN M SOLINO 600 GORDON AVENUE HARAHAN, LA 70123 -ASSISTANT DISTRICT ATTORNEY STEPHEN L LAICHE THROUGH THE ORLEANS DISTRICT ATTORNEY'S OFFICE 619 SOUTH WHITE STREET NEW ORLEANS, LA 70119 -JOHN MORAN #102916 THROUGH THE WARDEN, HOWARD PRINCE GIA ELAYN HUNT CORRECTIONAL CENTER POST OFFICE BOX 174 ST. GABRIEL, LA 70776 -TIFFANY DANA THROUGH THE ORLEANS CRIMINAL CLERK'S OFFICE ARTHUR A MORRELL 2700 TULANE AVENUE, ROOM 115 NEW ORLEANS, LA 70119 -RHONDA MYLES THROUGH THE ORLEANS CRIMINAL CLERK'S OFFICE ARTHUR A MORRELL CLOSED RECORDS DEPARTMENT 2700 TULANE AVENUE, ROOM 115 NEW ORLEANS, LA 70119 -WARREN SPEARS THROUGH THE ORLEANS CRIMINAL CLERKS' OFFICE ARTHUR A MORRELL PROPERTY DEPARTMENT 2700 TULANE AVENUE, ROOM 115 NEW ORLEANS, LA 70119 |
| 11/15/2011 | SARDIEY | >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN A MORAN FOR MOTIONS FILED >EVIDENTIARY HEARING SET FOR 12/02/11 >SEND SUBPOENA NOTICES TO: -HARRY F CONNICK SR 311 AUDUBON BOULEVARD NEW ORLEANS, LA 70125 -MR. ARTHUR A MORRELL CRIMINAL DISTRICT COURT PARISH OF ORLEANS 2700 TULANE AVENUE NEW ORLEANS, LA 70119 -HONORABLE RONAL W SERPAS SUPERINTENDENT OF POLICE NEW ORLEANS POLICE DEPARTMENT 715 SOUTH BROAD STREET NEW ORLEANS, LA 70119 |
| 11/23/2011 | TROSCLAIR | CLERK'S OFFICE RECEIVED DEFENSE EXPEDITED MOTION FOR PROTECTIVE ORDER.(AS TO J.MORAN) |
| 11/30/2011 | SARDIEY | >DEFENDANT, JOHN A MORAN DID NOT APPEAR FOR MOTIONS FILED -STATE FILED IT'S PROCEDURAL OBJECTIONS TO PETITIONER'S FOURTH APPLICATION FOR POST-CONVICTION RELIEF. >NO NEW DATE IS SET. |
| 12/02/2011 | TROSCLAIR | CLERK'S OFFICE RECEIVED DEFENSE MOTION TO COMPEL PRODUCTION OF DOCUMENTS, PURSUANT TO PUBLIC RECORDS ACTS, FREEDOM OF INFORMATION ACT AND INCORPORATED MEMORANDUM IN SUPPORT. (AS TO J.MORAN) >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN A MORAN FOR EVIDENTIARY HEARING >NO NEW DATE IS SET. >DEFENSE COUNSEL JAMES SHIELDS APPEARED WITHOUT DEFENDANT, JOHN A MORAN FOR POST CONVICTION HEARING DEFENSE FILED: -MOTION TO COMPEL PRODUCTION OF DOCUMENTS, PURSUANT TO PUBLIC RECORDS ACT, FREEDOM OF INFORMATION ACT AND INCORPORATED MEMORANDUM IN SUPPORT. THE COURT: -DENIED THE STATE'S PROCEDURAL OBJECTIVE. STATE MAY REFILE. -GRANTED REQUEST FOR EXTENSION OF TIME TO MAKE APPLICATION MORE COMPLETE. -ORDERED THE STATE TO LOOK FOR EVIDENCE TO SEE IF POSSIBLE FOR DNA TESTING. -ORDERED LAWYERS TO REVIEW FEDERAL COURT SUIT TO SEE IF JUDGE WHITE HAS TO RECUSE HERSELF. >POST CONVICTION HEARING SET FOR 01/09/12 |
| 01/09/2012 | WARRENP | >CONTINUED WITHOUT DATE. >NOTIFY DEF.COUNSEL. |
| 01/10/2012 | TROSCLAIR | CLERK'S OFFICE RECEIVED DEFENDANT'S OPPOSITION TO STATE'S PROCEDURAL OBJECTIONS TO PETITIONER'S APPLICATION FOR POST |

```
                    CONVICTION RELIEF.(AS TO J.MORAN)
02/01/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
                    DEFENDANT'S OPPOSITION TO STATE'S PROCEDURAL OBJECTIONS TO
                    PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF.
                    (AS TO J.MORAN)
03/28/2012                                                          WARRENP
                    >DEFENDANT, JOHN A MORAN DID NOT APPEAR FOR FILING(S) IN OPEN
                    COURT ORDER OF THE COURT AFTER REVIEW OF SUCH, THIS COURT FINDS
                    THAT THE SUPPLEMENTAL CLAIM RAISES AN ISSUE OF FACT WHICH, IF
                    ESTABLISHED, MAY ENTITLE PETITIONER TO RELIEF. THEREFORE, IT IS
                    HEREBY ORDERED THAT THE DISTRICT ATTORNEY ANSWER PETITIONER'S
                    SECOND SUPPLEMENTAL MEMORANDUM IN COMPLIANCE WITH LA.C.CR.P.
                    ART 927 WITHIN 30 DAYS OF THIS ORDER. >NO NEW DATE IS SET.
05/08/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED STATE'S PROCEDURAL OBJECTIONS LODGED IN
                    COMPLIANCE WITH THIS COURT'S ORDER DATED MARCH 28,2012; AND
                    STATE'S ATTEMPT TO PROVIDE A COHERENT STATEMENT OF THE
                    PROCEDURAL HISTORY OF THIS CASE.(AS TO J.MORAN)
05/16/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED DEFENSE APPLICANT'S RESPONSE TO STATE'S
                    PROCEDURAL OBJECTIONS LODGED IN COMPLIANCE WITH THIS COURT'S
                    ORDER DATED MARCH 28,2012.(AS TO J.MORAN)
07/13/2012                                                          WARRENP
                    >DEFENSE COUNSEL JIM SHEILDS APPEARED WITHOUT DEFENDANT, JOHN A
                    MORAN FOR UNSCHEDULED JUDICIAL ACTIVITY >RULING SET FOR
                    08/01/12 >NOTIFY DEF.COUNSEL.
07/31/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED PETITION AND ORDER FOR WRIT OF HABEAS
                    CORPUS AD PROSEQUENDUM.(AS TO J.MORAN)
08/01/2012                                                          WARRENP
                    >DEFENSE COUNSEL JIM SHEILDS APPEARED WITHOUT DEFENDANT, JOHN A
                    MORAN FOR RULING >RULING SET FOR 08/03/12
08/03/2012                                                          WARRENP
                    >DEFENDANT, JOHN A MORAN APPEARED WITH COUNSEL, JIM SHEILDS FOR
                    RULING >CONTINUED ON STATE MOTION >RULING SET FOR 08/10/12
                    >NOTIFY DEF.COUNSEL.
08/10/2012                                                          WARRENP
                    >DEFENSE COUNSEL JIM SHEILDS APPEARED WITHOUT DEFENDANT, JOHN A
                    MORAN FOR FILING(S) IN OPEN COURT KYLE DALY APPEARED BEFORE
                    COURT FOR THE STATE. >STATE FILED PROPERTY INTAKE RECEIPT ONE
                    ENVELOPE INCLUDING PHOTOS AND MEDICAL RECORDS. NOTE: NO
                    PHYSICAL EVIDENCE JACKET,KNIFE, SHEATH CONTAINED IN ENVELOPE
                    >THE DEFENDANT, JOHN A MORAN APPEARED FOR RULING WITH COUNSEL,
                    JIM SHEILDS THE DEFENDANT APPEARED VIA VIDEO LINK KYLE DALY
                    APPEARED BEFORE COURT FOR THE STATE PINKEY FERDINAND COURT
                    REPORTER COURT ISSUED RULING UPON REVIEW OF THE ABOVE MENTIONED
                    PLEADINGS, THIS COURT FINDS THAT THERE SHOULD BE A HEARING ON
                    THIS MATTER SO THAT THE STATE AND THE PETITIONER MAY PRESENT
                    ARGUMENTS ON IF AND/OR WHEN THE STATE KNEW ABOUT THE VARIOUS
                    EVIDENCE TURNED OVER TO THE DEFENSE ON NOVEMBER 18, 2011 AND IF
                    AND/OR THIS EVIDENCE WAS EVER PREVIOUSLY DISCLOSED TO THE
                    DEFENSE AND/OR PETITIONER ARRANGEMENTS WILL BE MADE BY THE
                    COURT FOR THE PETITIONER TO APPEAR FOR THE HEARING THE HEARING
                    VIA VIDEO LINK. >RULING SET FOR 08/31/12 >NOTIFY DEF.COUNSEL.
08/22/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED MEMORANDUM IN RESPONSE TO DISTRICT
                    COURT'S ORDER REGARDING ALLEGED NEWLY DISCOVERED EVIDENCE.
                    (AS TO J.MORAN)
09/04/2012                                                          WARRENP
                    >DEFENDANT JOHN A MORAN DID NOT APPEAR FOR UNSCHEDULED JUDICIAL
                    ACTIVITY COURT CLOSED DUE TO HURRICAN ISAAC >RULING SET FOR
                    09/24/12 >SEND NOTICE TO DEFENSE COUNSEL JIM SHEILDS
09/06/2012                                                          WARRENP
                    >DEFENDANT, JOHN A MORAN DID NOT APPEAR FOR FILING(S) IN OPEN
                    COURT DEFENSE COUNSEL JAMES E. SHIELDS SR. FILED >DEFENSE
                    FILED: >-MOTION FOR EXTENSION OF TIME TO RESPOND TO COURT'S
                    ORDER OF AUGUST 10, 2012. >LETTER RE: DUE TO HURRICAN ISAAC
09/07/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED MOTION FOR EXTENSION OF TIME TO RESPOND
                    TO COURT'S ORDER OF AUGUST 10, 2012.(AS TO J.MORAN)
09/12/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED PETITION'S MEMORANDUM IN RESPONSE TO
                    DISTRICT COURT'S ORDER REGARDING ALLEGEDNEWLY DISCOVERED
                    EVIDENCE.(AS TO J.MORAN)
09/21/2012                                                          TROSCLAIR
                    CLERK'S OFFICE RECEIVED MOTION TO AMEND THE RECORD.
09/24/2012                                                          WARRENP
                    >DEFENSE COUNSEL JAMES E. SHIELDS APPEARED WITHOUT DEFENDANT,
                    JOHN A MORAN FOR RULING COURT ISSUED RULING. RULING ON
                    PETITIONER'S APPLICATION FOR POST CONVICTION RELIEF PROCEDURAL
```

```
              TIME BAR. COURT HEREBY ORDERS THAT THERE BE A HEARING ON THIS
              MATTER SO THAT THE STATE AND THE PETITIONER MAY PRESENT ON
              NOVEMBER 18,2011 AND IF AND/OR THIS EVIDENCEWAS EVER PREVIOUSLY
              DISCLOSED TO THE DEFENSE AND/OR PETITIONER. IN THE INTEREST OF
              JUSTICE THIS COURT WILL CONSIDER PETITIONER'S APPLICATION FOR
              POST CONVICTION RELIEF PETITIONER IS ORDERED TO APPEAR VIA
              VIDEO LINK IN THIS COURT >POST CONVICTION HEARING SET FOR
              12/14/12 >NOTIFY DEF.COUNSEL. >PDOJL
              >DEFENSE COUNSEL JAMES E. SHIELDS APPEARED WITHOUT DEFENDANT,
              JOHN A MORAN FOR FILING(S) IN OPEN COURT >ORDER OF THE COURT IN
              A RULING DATE SEPTEMBER 24, 2012 THIS COUR RULED THAT
              PETITIONER'S POST CONVICTION RELIEF APPLICATION RAISES A CLAIM
              FOR RELIEF WHICH OVERCOMES THE THREE YEAR PROCEDURAL TIME BAR
              FOR FILING POST-CONVICTION APPLICATION, AND GRANTED THE
              DEFENDANT A HEARING IN THIS MATTER. IT IS FUTHER ORDERED THAT A
              WRIT BE ISSUED FOR PETITIONER TO APPEAR IN OPEN COURT ON
              DECEMBER 14,2012 @9:00 AM FOR THE ABOVE MENTIONED HEARING ON THIS
              MATTER.
10/24/2012                                                         TROSCLAIR
              CLERK'S OFFICE RECEIVED STATE'S RESPONSE ON THE MERITS TO
              PETITIONER'S EIGHT APPLICATION FOR POST-CONVICTION RELIEF AND
              OBJECTION TO AN EVIDENTIARY HEARING.
10/29/2012                                                         TROSCLAIR
              CLERK'S OFFICE RECEIVED MOTION TO ISSUE SUBPOENA DUCES TECUM TO
              HONORABLE LEON CANNIZZARO, ORLEANS PARISH DISTRICT ATTORNEY,
              FOR PRODUCTION OF RECORDS.
11/09/2012                                                          WARRENP
              >DEFENDANT, JOHN A MORAN DID NOT APPEAR FOR FILING(S) IN OPEN
              COURT >MOTION TO ISSUED SUBPOENA DUCES TECUM TO HONORABLE LEON
              CANNIZZARO ORLEANS PARISH DISTRICT ATTORNEY FOR PRODUCTION OF
              RECORDS.
11/26/2012                                                         TROSCLAIR
              CLERK'S OFFICE RECEIVED STATE'S MOTION AND REQUEST FOR RULING
              UPON STATE'S PREVIOUSLY FILED MOTION TO LIMIT EVIDENTIARY
              HEARING; STATE'S OBJECTION AND MOTION TO QUASH ALL SUBPOENAS
              AND SUBPOENAS DUCES TECUM DIRECTED TO CURRENT AND FORMER
              ASSISTANT DISTRICT ATTORNEY'S.
12/14/2012                                                          WARRENP
              >DEFENDANT, JOHN A MORAN APPEARED WITH COUNSEL, JAMES E. SHIELDS
              FOR POST CONVICTION HEARING KYLE DALY APPEARED BEFORE COURT FOR
              THE STATE. >CONTINUED ON JOINT MOTION. >POST CONVICTION HEARING
              SET FOR 02/05/13 >NOTIFY DEF.COUNSEL. >PDOJL
02/01/2013                                                          WARRENP
              >DEFENDANT, JOHN A MORAN DID NOT APPEAR FOR FILING(S) IN OPEN
              COURT >THE DEFENSE FILED: >-MOTION AND ORDER FOR WRIT OF HABEAS
              CORPUS AD PROSEQUENDUM. >FOR 2/5/2013
02/05/2013                                                          WARRENP
              >THE DEFENDANT, JOHN A MORAN APPEARED FOR POST CONVICTION
              HEARING WITH COUNSEL, JAMES SHIELDS JR. KYLE DALY APPEARED
              BEFORE COURT FOR THE STATE. EVE S. KAZIK COURT REPORTER.
              DEFENSE CALLED EIGHT (8) WITNESSES WHO GAVE SWORN TESTIMONY.
              STATE CALLED ONE (1) WITNESSES WHO GAVE SWORN TESTIMONY.
              DEFENSE FILED 1 THRU 44 EXHIBITS FOR DEFENDANT JOHN MORGAN
              STATE FILED THREE (4) EXHIBITS. AFTER HEARING TESTIMONY THE
              COURT GAVE THE DEFENSE THIRTY(30)DAYS TO FILED BRIEFS TO THE
              COURT. COURT GAVE STATE (THIRTY)30 DAYS TO FILE IT'S RESPONSE
              AFTER THE DEFENSE FILES IT'S BRIEFS DEFENSE WILL WRIT DEFENDANT
              JOHN MORGAN IN FOR THE RULING DATE. >HEARING SET FOR 03/15/13
              >HEARING SET FOR 04/15/13 >RULING SET FOR 04/22/13 >NOTIFY
              DEF.COUNSEL. >PDOJL
03/18/2013                                                          WARRENP
              >DEFENSE COUNSEL JAMES SHIELDS JR. APPEARED WITHOUT DEFENDANT,
              JOHN A MORAN FOR FILING(S) IN OPEN COURT >DEFENSE FILED:
              >-MOTION FOR EXTENSION OF TIME TO RESPOND TO COURTS ORDER OF
              FEBRUARY 5,2013
03/19/2013                                                         TROSCLAIR
              CLERK'S OFFICE RECEIVED POST EVIDENTIARY HEARING MEMORANDUM.
================================================================================
                              END OF DOCKET MASTER
================================================================================
```

Disclaimer:
The Orleans Parish Sheriff's Office provides computer services to both the Orleans Parish Clerk of Criminal District Court and the Orleans Parish Criminal District Court. The Orleans Parish Sheriff's Office DOES NOT maintain or ensure the information provided is complete and accurate, and this information can change quickly. Therefore, the information on this site may not reflect the true charges, status, next court date, or other information regarding a case. The information is provided as a request under the Freedom of Information Act, and the Public Records Act. Nothing contained herein is intended to imply or infer the guilt or wrongdoing of any person(s) listed on this site. This information shall not be considered, or used as, a public document, or official document, and no other publication or copying of this information is allowed without the express written consent of the person(s), and the Orleans Parish Criminal District Court.

For questions, comments, and other information you may contact the Orleans Parish Clerk of Criminal District Court, Records Division at (504) 658-9000. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution.